UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

DURAND TOSON,
Institutional ID No. 2206334

                Plaintiff,

v.                                                         No. 1:23-CV-00232-H

TERRI WILKE,

                Defendant.

## ORDER

Plaintiff, a state prisoner proceeding pro se and seeking to proceed *in forma pauperis*, filed a civil-rights complaint under 42 U.S.C. § 1983. Dkt. No. 1. He also filed a motion for preliminary injunction. He alleges that D. Terri Wilke has denied him proper medical treatment for an ongoing bacterial infection from an untreated sexually transmitted disease. Specifically, he contends that he was diagnosed with chlamydia in 2018 before his present incarceration, and that although he was prescribed antibiotics, he failed to take them as prescribed. As a result, he believes that he remains infected, and he attributes a host of physical maladies to his untreated condition. He asserts that despite his obvious symptoms and his requests for treatment, Defendant Wilke has failed to provide him with the antibiotics necessary to cure him. In other words, he alleges that Defendant Wilke has been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. He seeks monetary damages and injunctive relief.

As discussed below, the Court finds that Plaintiff's application to proceed *in forma pauperis* must be denied and this complaint must be dismissed.

1. **Plaintiff's history and applicable legal standard**

Plaintiff is an experienced litigant who has filed at least a dozen civil-rights complaints in this Court. Because at least three of those civil actions have been dismissed as frivolous or for failure to state a claim, he is barred from proceeding *in forma pauperis* unless he shows that he is in imminent danger of serious bodily injury. 28 U.S.C. § 1915(g); s*ee Toson v. Ellison, et al.*, No. 1:22-cv-00112 (N.D. Tex. Jan. 23, 2022) (dismissed for failure to state a claim); *Toson v. Taylor*, No. 1:22-cv-00061 (N.D. Tex. July 24, 2023) (dismissed as frivolous and for failure to state a claim); *Toson v. Gregory*, No. 1:22-cv-00081 (N.D. Tex. July 24, 2023) (dismissed as frivolous and for failure to state a claim); and *Toson v. Freeman*, No. 1:22-cv-00085 (N.D. Tex. July 24, 2023) (dismissed as frivolous and for failure to state a claim).

To meet the "imminent danger" exception, the "threat or prison condition [must be] real and proximate." *Valdez v. Bush*, No. 3:08-CV-1481-N, 2008 WL 4710808 at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice - the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307 at *2 (N.D. Fla. July 20, 2006)).

2. **Analysis**

Plaintiff's claims here are serious, and at first blush, appear to satisfy the imminent-danger exception. Plaintiff alleges that he has an untreated chlamydia infection that is causing him severe pain and inflammation in his stomach and intestines, such that he is

unable to eat or drink. Dkt. No. 7-1 at 30. Additionally, Plaintiff contends that he suffers from severe nausea, dizziness, headaches, and unpleasant discharges from his penis and anus. *Id.* He also claims that the infection is causing loss of vision so that he has become blind in one eye and has worsening, limited vision in the other. *Id.* He avers that without the injunctive relief he seeks, he will go blind, his disease will worsen, and he may die. *Id.* at 32. He also seeks monetary damages.

But the Court denies Plaintiff's request to proceed *in forma pauperis* for two reasons. First, Plaintiff's claims are not new. He has raised these claims before and, after reviewing authenticated records and holding an evidentiary hearing, the Court dismissed them as frivolous or for failure to state a claim. Second, Plaintiff complains of long-term, ongoing conditions, so any danger he identifies is not "imminent." In sum, Plaintiff is not eligible to proceed *in forma pauperis*, despite the egregious nature of his claims.

### A. Plaintiff's claims are duplicative

These claims are not new. In No. 1:22-cv-00081, Plaintiff also sued Robertson Unit medical providers for deliberate indifference to his serious medical needs. In that case, the United States Magistrate Judge reviewed relevant authenticated records and held a *Spears* hearing as part of the judicial screening process. *See id.* at Dkt. No. 42. And in that process, the Magistrate Judge found, and Plaintiff acknowledged, that Plaintiff has been tested multiple times for chlamydia while at the Robertson Unit, and that each of these tests returned a negative result. *Id.* Additionally, Plaintiff's records and pleadings demonstrated that he had received extensive medical assessments, including an upper and lower gastrointestinal examination at the Montford Unit. *Id.* at Dkt. Nos. 42, 43. The Magistrate Judge found Plaintiff's assertions that the repeated medical tests were inaccurate to be conclusory and contradicted by the medical records. *Id.* at Dkt. No. 43. Moreover, the

Magistrate Judge concluded that Plaintiff had failed to state a claim for deliberate indifference because he had failed to show he was denied treatment. *Id.* Instead, Plaintiff's claims amounted only to a disagreement with the extensive medical attention and treatment he has received. *Id.*

Plaintiff appealed the dismissal of these claims. *See Toson v. Gregory*, No. 1:22-cv-00081 at Dkt. No. 46; Fifth Cir. No. 23-10794. And Plaintiff's pleadings in the Fifth Circuit repeated many of his factual allegations concerning his ongoing symptoms. *See* Fifth Cir. No. 23-10794 at Dkt. Nos. 15, 20. But the appeal was dismissed after Plaintiff failed to comply with the Fifth Circuit's instructions. *Id.* at Dkt. No. 18; No. 1:22-cv-00081 at Dkt. No. 56.

A case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation. *See Lewis v. Sec'y of Pub. Safety & Corrs.*, 508 F. App'x 341, 343–44 (5th Cir. 2014) (citing *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993)). A case is duplicative if it involves the same series of events and allegations of many of the same facts as an earlier suit. *Lewis*, 58 F. App'x at 344 (citing *Bailey v. Johnson*, 846 F.2d 1091, 1021 (5th Cir. 1988). The critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts. *See Argilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994); *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (explaining that a dismissal based on duplicate factual allegations is proper even when a different defendant is named).

Here, Plaintiff's complaint duplicates claims that he has raised here, and in the Fifth Circuit, before. Moreover, the earlier dismissal of these claims constitutes one of Plaintiff's strikes under Section 1915(g). In other words, the claims he repeats were dismissed before as frivolous and for failure to state a claim. Plaintiff is not entitled to the imminent-danger

exception to the three-strikes provision. *See Prescott v. UTMB Galveston Texas*, 73 F.4th 315, 321 (5th Cir. 2023) (holding that a prisoner had not satisfied the imminent-danger exception despite his repeated assertions that he was denied proper medical treatment and noting his history of similar treatment concerns). The Court will not permit him to proceed *in forma pauperis* in a complaint that itself is likely subject to dismissal as malicious, frivolous, or for failure to state a claim.[1]

### B. Ongoing danger is not imminent

Additionally, even if these claims weren't duplicative, Plaintiff fails to show that the danger he faces is imminent. Plaintiff asserts that he has had untreated chlamydia since at least 2018, and that Defendant's failure to properly treat him over the past five years creates an ongoing threat of imminent danger. But "a prisoner cannot exempt themselves from the operation of § 1915(g) by claiming that they are in imminent danger at all times and under all circumstances." *Walker v. Perry*, No. 1:20-CV-302-HSO-RHWR, 2022 WL 16796830, at *4 (S.D. Miss. July 8, 2022) (brackets omitted), *report and recommendation adopted,* No. 1:20CV302-HSO-BWR, 2022 WL 8176157 (S.D. Miss. Oct. 14, 2022). "General complaints about the ongoing nature of alleged lack of medical care" are not enough to meet the imminent-danger exception. *Jackson v. United States*, No. 4:15-CV-696-O, 2016 WL 1375591, at *3 (N.D. Tex. Apr. 7, 2016) (citing *Arvie v. Tanner*, No. 12-1638, 2012 WL 3597127, at *2 (E.D. La. Aug. 21, 2012) (collecting cases).

Plaintiff's complaint that the defendant has continuously failed to adequately manage his medical needs over the past five years fails to show "a genuine emergency where time is pressing." *See Calton v. Wright*, No. 6:12CV344, 2012 WL 3135682, at *6

---

[1] For the same reasons, Plaintiff's motion for a preliminary injunction must fail. Plaintiff cannot establish a likelihood of success on the merits when his claims are subject to dismissal as duplicative of claims that were previously dismissed as frivolous and for failure to state a claim.

(E.D. Tex. June 29, 2012), *report and recommendation adopted,* No. 6:12CV344, 2012 WL 3135675 (E.D. Tex. Aug. 1, 2012) (quoting *Heimerman v. Litchser,* 337 F.3d 781, 782 (7th Cir. 2003).

3. **Conclusion**

For the reasons discussed above, the Court finds that Plaintiff is barred from proceeding *in forma pauperis* under the three-strikes provision of 28 U.S.C. § 1915(g), and he failed to show that he was in imminent danger of serious physical injury at the time he filed his complaint. He is well aware of his barred status. Thus, because he did not pay the filing fee, his complaint must be dismissed under Section 1915(g).

If Plaintiff persists in filing frivolous or malicious complaints in this Court, or in any court removable or transferrable to this Court, the Court will impose sanctions that may include a monetary sanction, a complete bar to filing, or both.

The Court therefore orders:

1. Plaintiff's complaint is dismissed without prejudice under 28 U.S.C. § 1915(g).

2. All pending motions are denied.

3. If Plaintiff appeals this order, he must pay the appeal fee of $505.00. He will not be permitted to proceed *in forma pauperis* on appeal.

The Court will enter judgment accordingly.

Dated January 5, 2024.

JAMES WESLEY HENDRIX
United States District Judge